FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 AUG 27 PM 3:01

CLERK OF COURT

ORIGINAL

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| |
|---|
| Mayford K. Davis, Jr., <br><br> Plaintiff, <br><br> v. <br><br> AT&T Incorporated, <br><br> Defendant. |

Case No. 4-12CV-545-A

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### AT&T INCORPORATED TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant AT&T, Inc. ("AT&T"), by and through counsel, and subject to and without waiver of its rights to compel arbitration, hereby responds as follows to the Original Complaint filed on August 3, 2012, by Mayford K. Davis, Jr. ("Plaintiff"):

AT&T admits that Plaintiff in this action is Pro Se. The remaining allegations of the first Paragraph of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T denies the remaining allegations.

### JURISDICTION AND VENUE

1. AT&T admits the allegations in Paragraph 1 of the Complaint.

2. AT&T denies the allegations in Paragraph 2 of the Complaint. Upon information and belief, pursuant to the applicable arbitration provision, this action may proceed only in arbitration or a small claims court.

3. AT&T denies the allegations in Paragraph 3 of the Complaint. Upon information and belief, pursuant to the applicable arbitration provision, this action may proceed only in arbitration or a small claims court.

4. AT&T admits that the amount in controversy in this action is less than $5,000.

5. AT&T denies the allegations in Paragraph 5 of the Complaint.

## PARTIES

6. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint, and on that basis denies the allegations.

7. AT&T admits that it is a corporation and its principal place of business is in Dallas, Texas. AT&T denies that it is a proper party to this action.

## PRELIMINARY STATEMENT

8. AT&T admits that Plaintiff is seeking damages for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. AT&T denies that it violated the FCRA and denies any other remaining allegations in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint, and on that basis denies the allegations.

10. AT&T denies the allegations in Paragraph 10 of the Complaint.

11. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint, and on that basis denies the allegations.

12. AT&T denies the referenced letter was from AT&T, Inc. AT&T lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies the remaining allegations.

13. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint, and on that basis denies the allegations.

14. AT&T admits the allegations in Paragraph 14 of the Complaint.

15. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint, and on that basis denies the allegations.

16. AT&T admits the allegations in Paragraph 16 of the Complaint.

17. AT&T admits that Tim Meredith called Plaintiff on July 18, 2012 and attempted to resolve his issue. AT&T denies the remaining allegations in Paragraph 17 of the Complaint.

18. AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint, and on that basis denies the allegations.

19. AT&T denies the allegations in Paragraph 19 of the Complaint.

20. The allegations of Paragraph 20 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits that Plaintiff does not have any sort of account with AT&T Incorporated, but denies the remaining allegations and any allegation that Plaintiff did not have an account with one of its subsidiaries.

21. The allegations of Paragraph 21 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits that the statute says what it says, but denies that the reference to account applies to Plaintiff.

22. The allegations of Paragraph 22 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits that the statute says what it says, but denies that the reference to account applies to Plaintiff.

23. AT&T denies the allegations in Paragraph 23 of the Complaint.

## COUNT I

24. AT&T reasserts Paragraphs 1 – 23 above as though fully set forth herein.

25. The allegations of Paragraph 25 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits the allegations in Paragraph 25.

26. The allegations of Paragraph 26 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T denies the allegations in Paragraph 26.

27. The allegations of Paragraph 27 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits the allegations in Paragraph 27.

28. The allegations of Paragraph 28 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T denies the allegations in Paragraph 28.

29. AT&T denies the allegations in Paragraph 29 of the Complaint.

## COUNT II

30. AT&T reasserts Paragraphs 1 – 23 above as though fully set forth herein.

31. The allegations of Paragraph 31 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits the allegations in Paragraph 31.

32. The allegations of Paragraph 32 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T denies the allegations in Paragraph 32.

33. The allegations of Paragraph 33 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T admits the allegations in Paragraph 33.

34. The allegations of Paragraph 34 of the Complaint assert legal conclusions that do not require a responsive admission or denial. To the extent a response is required, AT&T denies the allegations in Paragraph 34.

35. AT&T denies the allegations in Paragraph 35 of the Complaint.

36. AT&T denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

AT&T is not a proper party to this action.

### SECOND AFFIRMATIVE DEFENSE

Venue is not proper in this Court. Upon information and belief, Plaintiff's claims are subject to a binding arbitration agreement and may proceed only in arbitration or a small claims court.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Original Complaint fails to state claims upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

No acts or omissions of AT&T caused any damages allegedly sustained by Plaintiff.

AT&T reserves the right to assert any additional affirmative defenses that are presently unknown to it but that may be discovered upon further investigation or discovery.

**WHEREFORE**, having fully answered Plaintiff's Original Complaint, and without waiver of any right to seek to have this action dismissed or stayed pending binding arbitration, AT&T prays for judgment with respect to Plaintiff's Original Complaint and requests that the Court:

a. Enter judgment against Plaintiff and in favor of AT&T on each of the claims set forth in Plaintiff's Original Complaint; and

b. Award AT&T such other relief as the Court shall deem just and proper.

Dated: August 27, 2012

Respectfully submitted,

By: /s/ Timothy P. Chastain
Timothy P. Chastain (TX Bar No. 24012417)
TChastain@CCSB.com
CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.
901 Main Street
Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Counsel for Defendant AT&T, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant AT&T Incorporated to Plaintiff's Original Complaint was served upon the following Pro Se party to the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on this 27th day of August, 2012:

>Mayford K. Davis, Jr.
>216 Camelot Drive
>Weatherford, Texas 76086
>Telephone: (817) 768-7459

By: _____
Timothy P. Chastain (TX Bar No. 24012417)
TChastain@CCSB.com
CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.
901 Main Street
Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Counsel for Defendant AT&T, Inc.*